IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTIAN D. TAKESENEMY, | Cause No. CV 24-11-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| HILL COUNTY, HILL COUNTY SHERIFF, SGT. ALMAS, OFFICER RIEICH, | |
| Defendants. | |

Pending before the Court is Plaintiff Takesenemy's Motion for Sanctions, along with an Affidavit and brief in support. (Docs. 40, 40-1 & 42.) Takesenemy faults Defendants for failing to preserve videotape footage from the alleged assault that occurred at the Hill County Detention on October 30, 2023. Defendants oppose the motion. (Doc. 45.)

In his motion, Takesenemy asserts that had the video footage been preserved, it would have proven that the inmates who assaulted him were taken out of their cells at night by Defendants Almas and Reich, despite each having known

1

violent histories. (Doc. 40 at 2.) Takesenemy believes this information would contradict the Defendants' position taken in their answer to the complaint, specifically that he was the aggressor. (*Id.*) He believes the video should have been preserved in anticipation of litigation and that Defendants failed to take reasonable steps to do so. Accordingly, Takesenemy asserts he has been prejudiced and asks that Defendants be ordered to pay a $10,000 as a sanction, in light of the fact that the video footage cannot be restored or replaced. (*Id.*); *see also*, (Doc. 40-1.)

In response, Defendants state that Takesenemy was involved in a fight with three other inmates on the date in question. Defendants Almas and Reich, removed Takesenemy from the housing area and placed him in a separate cell; while responding to the fight Defendants believed Takesenemy to be the aggressor. (Doc. 45 at 1-2.) An investigation into the incident was conducted. Takesenemy declined to submit a written or recorded statement. (*Id.* at 2.) When Almas reviewed the video of the altercation, it confirmed that Takesenemy was the aggressor. (*Id.*) Takesenemy, who had been at Hill County on a federal hold, was transferred the following day, however, the move was not related to the altercation. Takesenemy did not file a grievance before leaving Hill County or following his transfer. Accordingly, no disciplinary action resulted. (*Id.*)

Although Takesenemy filed his complaint on December 21, 2023, the matter

was not served on Defendants until February of 2024. (*Id.*) The video from the detention center is recorded on a hard drive that overwrites itself approximately every thirty days. (*Id.* at 3.) By the time Defendants received notice of Takesenemy's complaint, the video footage of the incident had already been overwritten and was no longer available for review. (*Id.*)

In opposing Takesenemy's motion, Defendants first argue that the motion is procedurally deficient because Plaintiff failed to confer with Defendants and timely file his brief in support, in contravention of the Court's Local Rules. (*Id.* at 3-4.) Defendants also argue that Takesenemy has failed to make the requisite showing under Fed. R. Civ. P. 37(e). (*Id.* at 4-5.) They assert that he has failed to show prejudice and that the video is not the only evidence, the three other inmates involved in the altercation can also testify. (*Id.* at 6.) Defendants argue that if there is any prejudice resulting from the destruction of the video, it is actually to them, because the footage would have shown that Takesenemy was the aggressor in the altercation. (*Id.*) Finally, Defendants advance that Takesenemy has not shown either that a sanction of $10,000 would cure the alleged prejudice or that Defendants acted with the intent to deprive him of the use of the video footage in this litigation. (*Id.*)

A failure to preserve electronic or other records, once the duty has been triggered, raises the issue of spoliation of evidence and its attendant consequences.

was not served on Defendants until February of 2024. (*Id.*) The video from the detention center is recorded on a hard drive that overwrites itself approximately every thirty days. (*Id.* at 3.) By the time Defendants received notice of Takesenemy's complaint, the video footage of the incident had already been overwritten and was no longer available for review. (*Id.*)

In opposing Takesenemy's motion, Defendants first argue that the motion is procedurally deficient because Plaintiff failed to confer with Defendants and timely file his brief in support, in contravention of the Court's Local Rules. (*Id.* at 3-4.) Defendants also argue that Takesenemy has failed to make the requisite showing under Fed. R. Civ. P. 37(e). (*Id.* at 4-5.) They assert that he has failed to show prejudice and that the video is not the only evidence, the three other inmates involved in the altercation can also testify. (*Id.* at 6.) Defendants argue that if there is any prejudice resulting from the destruction of the video, it is actually to them, because the footage would have shown that Takesenemy was the aggressor in the altercation. (*Id.*) Finally, Defendants advance that Takesenemy has not shown either that a sanction of $10,000 would cure the alleged prejudice or that Defendants acted with the intent to deprive him of the use of the video footage in this litigation. (*Id.*)

A failure to preserve electronic or other records, once the duty has been triggered, raises the issue of spoliation of evidence and its attendant consequences.

*See In re Napster, Inc. Copyright Litigation (In re Napster)*, 462 F. Supp. 2d 1060 (N.D. Cal. 2006). Spoliation is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence" in pending or reasonably foreseeable litigation. *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted).

"A party seeking sanctions for spoliation of evidence must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a 'culpable state of mind;' and (3) the evidence that was destroyed or altered was 'relevant' to the claims or defenses of the party that sought the discovery[.]" *Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 509 (D. Md. 2009); *see also, United States v. $40,955 in U.S. Currency*, 554 F. 3d 752, 758 (9th Cir. 2009).

In the present matter, Defendants acknowledge reviewing the videotape evidence in conjunction with the October 2023 assault investigation. Thus, it is undisputed that the videotape evidence existed. But there is no indication that Defendants were under an obligation to preserve the footage at the time it was over written by the Detention Center's hard drive. It appears that this would have occurred on approximately November 30, 2023. At that point in time, Takesenemy had not submitted a response to the report written in conjunction with the

4

investigation. Similarly, he had not filed a grievance or requested that Hill County authorities preserve the video. His civil rights complaint was not filed in this Court until December 21, 2023. (Doc. 2.) As set forth above, Defendants were not made aware of the filing until two months later. Thus, the Defendants' position that they were not obligated to preserve the video footage at the time it was destroyed or altered is well-taken.

Similarly, there is no indication, aside from Takesenemy's conclusory statement, that Defendants acted with a culpable state of mind in conjunction with the destruction of the video footage. It appears that the information was recorded over in the normal course of business. There is nothing in the record before this Court that would indicate that the Defendants were put on notice that preservation of the video was requested, prior to its alteration. Finally, while this information certainly is relevant to the claims at issue, it is not the only evidence. There are other inmates directly involved in the altercation, that could testify as to what occurred on October 30, 2023.

Takesenemy has failed to carry his burden in establishing that he is entitled to sanctions under Rule 37. Accordingly, his motion must be denied.

IT IS HEREBY ORDERED:

1. Takesenemy's Motion for Sanctions (Doc. 40) is DENIED.
2. At all times during the pendency of this action, Takesenemy must

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 19th day of December, 2024.

_____
Donald W. Molloy, District Judge
United States District Court