IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTIAN D. TAKESENEMY, | Cause No. CV 24-11-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| HILL COUNTY, HILL COUNTY SHERIFF, SGT. ALMAS, OFFICER RIEICH, | |
| Defendants. | |

Pending before the Court is Defendants' motion for sanctions and brief in support  (Docs. 53 & 54.)  Defendants seek dismissal of this matter based upon Plaintiff's failure to respond to written discovery requests and failure to appear for depositions.  (Doc. 53 at 1.)  Alternatively, Defendants request imposition of sanctions, including payment of Defendants' deposition costs and attorney fees, and an extension of the discovery deadline until Plaintiff complies with his discovery obligations.  (*Id.*)  Plaintiff has not filed a response to the motion, nor were Defendants able to contact him to determine whether he opposes the motion. (*Id.* at 2.)  It is presumed that Plaintiff objects.

**Background**

Prior to expiration of the original discovery deadline, Defendants moved for

an extension of time based upon Plaintiff's failure to provide his current address.

(Docs. 34, 35.)  This motion was granted and a new discovery deadline of January

10, 2025, was set.  (Doc. 38.)    On November 4, 2024, Plaintiff filed a notice

advising of a new address in Glendive.  (Doc. 43.)  Accordingly, Defendants re-

sent their written discovery requests to the updated Glendive address.  (Doc. 50 at

2); *see also*, (Doc. 50-1.)  On December 9, 2024, Plaintiff filed another change of

address, this time providing a Billings address.  (Doc. 47.)  In response,

Defendants sent Plaintiff a deposition notice to the Billings address; his deposition

was scheduled for January 3, 20205.  (Doc. 50 at 2); *see also*, (Doc. 50-2.)

Defendants also sent a letter to Plaintiff at the Billings address advising that he had

still not responded to their written discovery requests and requested that he provide

his responses prior to the scheduled deposition.  (Doc. 50 at 2-3); *see also*, (Doc.

50-3.)

On January 3, 2025, defense counsel appeared via Zoom at the deposition.

When Plaintiff failed to appear, the deposition was terminated.  Plaintiff did not

contact defense counsel or the court reporter to request that the deposition be

continued or rescheduled.  (Doc. 50 at 3.)  Based upon this, Defendants moved

again to extend the discovery deadline. The discovery deadline was re-set to March 7, 2025. (Doc. 51.)

On January 27, 2025, Plaintiff filed another notice of change of address, providing a St. Xavier post office box. (Doc. 52.) Defense counsel sent a letter to Plaintiff at the new address, again requesting that he respond to the written discovery requests and contact counsel to meet and confer regarding the outstanding discovery issues. *See*, (Doc. 55-1.) Defense counsel then sent a second deposition notice to the St. Xavier address setting a deposition in Billings, Montana, at 9:00 a.m. on March 6, 2025. *See*, (Doc. 55-2.) On March 6, 2025, defense counsel appeared via Zoom for the deposition. When Plaintiff failed to appear, the second deposition was terminated. Plaintiff did not contact defense counsel or the court reporter to request that the deposition be continued or rescheduled. (Doc. 54 at 3.) Plaintiff has not responded to the written discovery requests, nor has he responded to the meet and confer request to address the outstanding discovery issues. (*Id.*)

**Analysis**

Rule 37 of the Rules of Civil Procedure provide for sanctions based upon a party's failure to cooperate in discovery. Rule 37(d) authorizes the court to issue sanctions when a party fails to serve answers to properly served interrogatories or requests for inspection of documents. Fed. R. Civ P. 37(d)(1)(A). Rule 37(b)

authorizes sanctions for non-compliance with a discovery order.  Fed. R. Civ. P. 37(b)(2)(A). A failure to attend a deposition triggers Fed. R. Civ. P. 37(d)(1)(A)(i). A broad range of sanctions may be imposed under subsection (b) or (d), including "prohibiting the disobedient party from supporting or opposing designated claims or defense, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(d)(3) *(citing* Rules 37(b)(2)(A)); Fed. R. Civ. P. 37(b)(2)(A); *see also Wyle v. R.J. Reynolds Indus., Inc.*, 709 F. 2d 585, 589 (9th Cir. 1983)("Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery.")

The threshold inquiry for terminating sanctions under Rule 37(b) is whether the conduct has been intentional.  *See In re Exxon Valdez*, 102 F. 3d 429, 432 (9th Cir. 1996)(dismissal under Rule 37(b) requires a threshold showing that the violation is due to willfulness, bad faith, or fault of the non-moving party).  Where this requirement is met, the Ninth Circuit employs a "five-part test, with three subparts to the fifth part" to determine whether a terminating sanction under Rule 37(b)(2) is just:

> (1) The public's interest in expeditious resolution of the litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions.  The sub-
parts of the fifth factor are whether the court has considered lesser
sanctions, whether it tried them, and whether it warned the recalcitrant
party about the possibility of case-dispositive sanctions.

*Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F. 3d 1091, 1096 (9th

Cir. 2007)(footnotes omitted). "This test is not mechanical. It provides the district

court with a way to think about what to do, not a set of conditions precedent for

sanctions or a script the district court must follow." *Id.*

Plaintiff has willfully failed to comply with the Court's orders.  During the

time period which he has not met scheduling deadlines, Plaintiff has filed motions,

replies to motions, and notices of change of address.  *See e.g.*, (Docs. 39, 43, 46,

47, 52.)  He has not, however, complied with the amended scheduling order, (Doc.

38), or timely complied with the extension of time to complete discovery, (Doc.

51), which resulted in the instant motion for sanctions.  Plaintiff has willfully failed

to respond to Defendants' properly propounded discovery requests on multiple

occasions. Defendants have expended resources and time scheduling and attending

two properly noticed depositions that Plaintiff refused to attend.  Thus, the record

demonstrates Plaintiff's intentional and willful failure to comply with both

discovery rules and with the Court's orders.

"The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Plaintiff has failed to respond to the discovery and to appear for his deposition,

which has prevented this case from advancing out of the discovery phase. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). This case has been in a holding pattern for months. It has required the Court's attention to try and encourage Plaintiff's participation, in his own lawsuit, without success. The interests of judicial economy weigh strongly in favor of dismissing the action. Further investment of judicial resources in Plaintiff's claims, which he refuses to properly pursue, is not justified. *See Ferdik v. Bonzelet*, 963 F. 2d 1258, 1261 (9th Cir. 1992).

Third, the risk of prejudice to Defendants is high because they are unable to fairly defend against Plaintiff's claims without knowing the evidence Plaintiff intends to present. Plaintiff's actions further impair Defendants' ability to determine the proper course of action, including going to trial. Defendants are unable to determine whether additional discovery is appropriate or assess the effectiveness of a potential motion for summary judgment. The Defendants are in the untenable position of being involuntarily engaged in a litigation that the Plaintiff is not moving forward, thus hampering the resolution of this case. *See In*

*re Phenylpropanolamine Products Liability Litigation*, 460 F. 3d 1217, 1227 (9th Cir. 2006).

The fourth factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998); *Yourish*, 191 F. 3d at 992. But in light of the other factors favoring dismissal, specifically Plaintiff's intentional delay and non-involvement in the case, the weight of this factor is slight.

Finally, the imposition of sanctions short of dismissal are unlikely to encourage Plaintiff's compliance with discovery and orders. Plaintiff was made aware that a request for sanctions was likely if he continued on his path of non-compliance with discovery. *See e.g.,* (Doc. 50 at 3.) Monetary sanctions are unlikely to have any effect. Plaintiff is proceeding in forma pauperis due to his documented indigency, *see* (Doc. 6), it is unlikely that he would be able to pay a monetary sanction. Thus, such a sanction would be futile as a means of inducing his compliance with the discovery orders. The fifth factor also favors issuance of terminating sanctions. At this juncture, the Court can envision no further alternatives to dismissal.

Accordingly, the Court enters the following:

//

**ORDER**

1.     Defendants' Motion for Sanctions (Doc. 53) is GRANTED.  This matter is dismissed based upon plaintiff's failure to comply with the discovery rules and with Court orders.

2.     The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.     The Clerk of Court is additionally directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 26ᵗʰ day of March, 2025.

Donald W. Molloy, District Judge
United States District Court